UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| **Michelle Vogel** ) | |
| **6312 Avington Place** ) | |
| **Gainesville, VA 20155** ) | |
| **Plaintiff**, ) | Civil Action No. 25-1739 |
| ) | |
| vs. ) | |
| ) | |
| **Ibrahim Mardam-Bey, individually** ) | |
| **and as CEO of Merchant Edge, LLC** ) | |
| 6207 Verne Street ) | |
| Bethesda, MD 20852, and ) | |
| ) | |
| **Randa Akeel, individually** ) | |
| 6207 Verne Street ) | |
| Bethesda, MD 20852 and ) | |
| ) | |
| **Merchant Edge, LLC** ) | |
| 1717 K Street NW, Suite 900 ) | |
| Washington DC 20015 **)** | |
| ) | |
| **SERVE**: ) | |
| Republic Registered Agent ) | |
| 254 Chapman Road ) | |
| Suite 200 ) | |
| Newark, DE 19703 ) | |
| **DEFENDANTS.  )** | |

COMPLAINT

**(Breach of Contract, Unjust Enrichment, and Fraud Deceit and Misrepresentation)**

Plaintiff, Michelle Vogel, by and through undersigned counsel, hereby sues defendants Ibrahim Mardam-Bey, Randa Akeel and Merchant Edge, LLC and states:

**PARTIES AND JURISDICTION**

1.      Plaintiff, Michell Vogel, is a resident of the State of Virginia.  ("Ms. Vogel").

2.      Defendant, Ibrahim Mardam-Bey ("Mardam-Bey") is a Syrian national, born in Lebanon and a naturalized United States citizen.  Defendant Mardam-Bey resides at 6207 Verne

1

Street, Bethesda MD 20852.  Defendant Mardam-Bey is the founder and Chief Executive Officer (CEO) of Merchant Edge, LLC (Merchant Edge).

3. Defendant, Randa Akeel ("Akeel") is a citizen of the Kingdom of Saudi Arabia and, upon information and belief, is a naturalized citizen or a permanent resident of the United States.  Defendant Akeel is an employee of the World Bank in Washington DC on assignment in Tanzania and is the wife of defendant Mardam-Bey.  Defendant Akeel resides at 6207 Verne Street, Bethesda MD 20852.

4. Defendant Mardam-Bey and his wife Randa Akeel own 6207 Vern Street, Bethesda MD 20852 as joint tenants.

5. For the past several years Mardam-Bey has spent a substantial amount of his time out of the United States mostly in Lebanon, Saudi Arabia and Syria.  Mardam-Bey holds more than one passport.

6. Defendant Mardam-Bey signed the Promissory Note (**Exhibit 1**) in question and received the funds into his personal bank account to be used by himself, defendant Akeel and Merchant Edge. Defendant Mardam-Bey is being sued in his individual capacity and as CEO of Merchant Edge.

7. Defendant Akeel was a beneficiary of the funds lent provided by Ms. Vogel to Mardam-Bey and a beneficiary of all the actions taken by herself, defendant Mardam-Bey and Merchant Edge, as set out in this Complaint.  Akeel provided support to Mardam-Bey for the Promissory Note/loan in question at various social events in which she attended with Ms. Vogel including a dinner in Bethesda with Vogel and Mardam-Bey.

8. Defendant Merchant Edge is a Delaware limited liability company.  According to its website Merchant Edge as of February 19, 2025:

> Merchant-Edge is an international capital advisory firm. We provide corporate and public advisory services in debt, equity, refinancing, buy and sell-side M&A, alternative investments and merchant banking.
>
> We are capital advisors with the ability to invest. We align our interests with clients by co-investing a portion of our fees into transactions that we advise on. We believe that such alignment is crucial in offering best-in-class advice and developing longstanding relationships with our clients.

9. Merchant Edge is not a registered broker-dealer, not a registered investment advisor, and not registered with the Securities and Exchange Commission (SEC) in any

fashion though its business model is predicated on selling equity, receiving Finder's Fees and/or equity interests in companies for which they raise funds.

10. According to the Delaware Division of Corporations, the Delaware Registered Agent for Merchant Edge is Republic Registered Agent, 254 Chapman Road, Suite 200, Newark, DE 19703.  **(Exhibit 2)**

11. Merchant Edge was used by Mardam-Bey as an instrumentality of fraud, deceit and misrepresentation perpetrated by defendants on Ms. Vogel.

12. Defendant Mardam-Bey exercises total dominion and control over all the activity of Merchant Edge and controls all money, accounts and business of Merchant Edge. Merchant Edge is the alter-ego of Ibrahim Mardam-Bey.   Upon information and belief, Merchant Edge does not abide by corporate formalities.

13. Defendant Mardam-Bey, defendant Akeel and defendant Merchant-Edge were beneficiaries of defendants' failure to repay the funds lent to Mardam-Bey.

14. Jurisdiction is proper pursuant to Title 28, Section 1332 of the United States Code (28 U.S.C. § 1332).  There is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  Venue is proper pursuant to Title 28, Section 1391 of the United States Code (28 U.S.C. § 1391).

## STATEMENT OF FACTS

15. In February 2022, Madam-Bey began to solicit short-term personal loans for which he proposed to pay 8% for 90 days with a thirty-day grace period to be secured by stock in "Surfin Chicken" a company for which Mardam-Bey and Merchant Edge were raising financing and for which Mardam-Bey and/or Merchant Edge were to receive ownership (equity shares) and a Finder's Fee.

16. On or about February 22, 2022, Ms. Vogel agreed to lend Mardam-Bey $50,000 under those terms.

17. On February 22, 2022, Mardam-Bey signed a Promissory Note to Michelle Vogel. **(Exhibit 1)**

18. The Promissory Note contained the following key provisions:
    a. Amount:  $50,000, (net $46,000 to Mardam-Bey subtracting the Term's interest payment;

      b. Interest Rate: 8%

      c. Term: 90 days with 30 day grace period.

      d. Default Interest Rate: 2% per month

      e. Jurisdiction: Maryland Law

      f. Venue: Maryland State or Federal Court

      g. Collection Costs: Paid by borrower.

19. On February 22, 2022 Ms. Vogel sent $46,000 to Mardam-Bey (the interest rate for the Term was deducted).

20. On February 22, 2022, at 2:54 pm Mardam-Bey confirmed receipt of Ms. Vogel's funds by email. **(Exhibit 3)**

21. Mardam-Bey failed to pay Ms. Vogel at the end of the term and the grace period.

22. Over the course of the next two years, Mardam-Bey proposed multiple addendums and extensions of the Promissory Note – always promising to make payment or send a new agreement or have his lawyer send a new document – none of which was ever done.

23. For example, on July 14, 2022, Madam Bey unilaterally extended the Note by 120 days stating (**Exhibit 4**):

> What this means for your note is that I would like to propose the following change.
> - An extension of 120 days for an additional premium of 10%
> - Your share grants would be issued into the newly incorporated Sharma [sic] Press Holding entity

24. No payment was received by Ms. Vogel at the end of the 120 days. No shares in Surfn Chicken or Shwarma Press Holding were ever received.

25. On May 3, 2023 Mardam-Bey wrote Ms. Vogel as follows (**Exhibit 5**)

> The following is my proposal.
> - We will enter into a new agreement that terminates and replaces our original agreement of Feb 22, 2022
> - The new agreement will be a personal promissory note from me and secured by my home in Bethesda.
> - The terms of the new secured note will be:
> o I received $46,000 from you February 22, 2023 [sic]
> o I will repay you on June 22  2023 a total of $62000. I extended date given the collateral I am providing.
> If you agree my lawyer will draft a note for your review.

26. On May 5, 2023 Mardam-Bey wrote Ms. Vogel (**Exhibit 5**):

> Hi Michelle
> I propose to split to two payments.
> For example 30K in a week and balance Mid June.
> If this is workable let me share a draft agreement.
> Ibrahim

27. Ms. Vogel agreed to the various proposals but nothing was forthcoming from Mardam-Bey.  No drafts from lawyer.  No drafts from Mardam-Bey as set out below.

28. On May 23, 2023, having missed his own May 12 deadline per the May 5, 2023 email, Mardam-Bey again wrote to Ms. Vogel (**Exhibit 6**)

> Michele
> I will make two payments.
> June  5
> July 5
> If you accept I will drat[sic] a one pager and share.
> Ibrahim

29. Mardam-Bey never paid and in January 2024 stopped communicating with Ms. Vogel.

30. Based solely on the default interest rate in the Promissory Note, the amount due and owing as of June 22, 2025 is in excess of $106,000, plus costs of collection and other damages.  If the rates proposed by Mardam-Bey are used the total amount due to Ms. Vogel is excess of $130,000.

## COUNT I
### (Breach of Contract)

31. The substance of the foregoing factual allegations are hereby re-alleged and incorporated herein by reference.

32. Defendant Mardam-Bey signed a Promissory Note in favor of Ms. Vogel on February 22, 2025 in the amount of $50,000.

33. Defendant Mardam received $46,000 from Ms. Vogel, the interest for the initial term having been deducted.

34. Mardam-Bey made multiple proposals for payment and settlement, each time extending the statute of limitations.

35. Mardam-Bey has failed to make any payment under the terms of that Promissory Note despite repeated demands for payment.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter judgment against Defendants jointly and severally in the amount of at least One Hundred and Six Thousand and Fifteen Dollars ($106,115) and other losses to be proved at trial plus all attorney's fees, collection costs, pre-judgment interest and post judgment interest at the legal rate and such other and further relief as this court deems fit and proper.

## COUNT II
### (Unjust Enrichment)

36. The substance of the foregoing factual allegations are hereby re-alleged and incorporated herein by reference.

37. Mardam-Bey's failure to repay the Promissory Note as required provided substantial benefit to all defendants especially Mardam-Bey and Akeel who used such funds to support their extravagant lifestyle which included multiple trips overseas (not related to the World Bank), attendance at the World Cup in Qatar in 2022, a lavish wedding for their daughter in Bali on May 30, 2025 and other extravagances. Merchant Edge had funds with which to pursue other projects.

38. In law and in equity, defendants received substantial benefits from Mardam-Bey's by failure to pay.

39. Despite repeated defendants, defendants have refused to pay the sums due.

40. As a result of Defendants failure and refusal to pay, Plaintiff has been required to retain counsel for the collection of this debt and has and will incur attorney's fees, costs of this suit and other costs of collection.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter judgment against Defendants jointly and severally in the amount of at least One Hundred and Six Thousand and Fifteen Dollars ($106,115) and other losses to be proved at trial plus all attorney's fees, collection costs, pre-judgment interest and post judgment interest at the legal rate and such other and further relief as this court deems fit and proper.

\

## COUNT III
### (Fraud Deceit and Misrepresentation)

41. Plaintiff hereby realleges and asserts the preceding paragraphs as if the same were set forth fully herein.

42. Defendant Mardam-Bey made numerous oral representations and representations in writing to Ms. Vogel that he would pay the Promissory Note. Further, in the presence of Randa Akeel at various social functions including a social dinner in Bethesda MD with Mardam-Bey convinced Vogel to extend the time by which to pay the Promissory Note.

43. Mardam-Bey made numerous false representations that he would repay the money orally and in writing – including, but not limited, provided shares in Surfn Chicken as collateral. (Surfn Chicken Deck **Exhibit 7**, Surfn Chicken Private Placement Memorandum, **Exhibit 8**).

44. The information contained in the Surfn Chicken Deck, the Surfn Chicken PPM and other Surfn Chicken materials provided were false and were known or have been known to Mardam-Bey and Merchant Edge to be false or should have been known to be false to Mardam-Bey and Merchant Edge

45. Based on such knowingly false representations, Plaintiff agreed to lend the funds to Mardam-Bey.

46. Based on Mardam-Bey's knowingly false promises to pay false, Ms. Vogel agreed to delay collection of such funds based on Mardam-Bey false promises in the various July 2022, May 2023 and other emails.

47. Plaintiff reasonably relied on Defendants' misrepresentations. As a result of Defendants' misrepresentations, Plaintiff has been severely damaged as set forth herein.

**WHEREFORE,** plaintiff respectfully requests that this Honorable Court enter judgment against Defendants jointly and severally in the amount of at least One Hundred and Six Thousand and Fifteen Dollars ($106,115), treble damages for fraud and other losses to be proved at trial plus all attorney's fees, collection costs, pre-judgment interest and post judgment interest at the legal rate and such other and further relief as this court deems fit and proper.

                              Respectfully, submitted,

By:_____
     Jonathan D. Strum, Esq.
     DC Bar 412087
     5638 Utah Avenue, NW
     Washington DC 20015
     Tel:  703 795-4805
     jdstrum@jdstrumlaw.com

**Exhibits to Vogel v. Mardam-Bey et al Complaint**

Exhibit 1:  Promissory Note:  $50,000 Mardam-Bey to Ms. Vogel.  22 Feb 22

Exhibit 2:  Screen Shot Merchant Edge Registered Agent,  2 June 25

Exhibit 3:  Email: Mardam-Bey to Ms. Vogel confirmation of receipt of $46,000.  22 Feb 22

Exhibit 4:  Email: Mardam Bey unilaterally extends Promissory Note by 120 days: 14 July 22

Exhibit 5:  Email: Mardam-Bey to Ms. Vogel proposed extension and payment dates:
        3 May 23 and 5 May 23

Exhibit 6:  Email: Mardam-Bey  to Ms. Vogel, further proposal re extension and payment dates 23 May 23

Exhibit 7:  Surfn Chicken Investor Deck, December 2021

Exhibit 8:  Surfn Chicken Private Placement Memorandum January 2022.